Filed 7/19/22  In re B.B. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re B.B., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B318429 (Super. Ct. No. 21JV-00064) (San Luis Obispo County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>B.B.,<br><br>    Defendant and Appellant. | |

In May 2021, respondent filed a juvenile wardship petition alleging that appellant B.B. committed several criminal sex acts in 2017, when he was 15 years old.  The juvenile court granted respondent's motion to transfer the matter to a court of criminal jurisdiction.  Appellant contends the juvenile court erred because a 2019 amendment to Welfare & Institutions Code, section 707 eliminated the district attorney's authority to request transfer of

14-year-olds and 15-year-olds from juvenile court to criminal court, except where the minor is "not apprehended prior to the end of juvenile court jurisdiction." (Welf. & Inst. Code, § 707, subd. (a)(2).)[1]  Respondent correctly concedes the error.  As a consequence, we reverse the order dated February 7, 2022 and remand the matter to the juvenile court for further proceedings.

*Facts and Procedural History*

In May 2021, a juvenile wardship petition was filed alleging that B.B. committed sexual offenses (Pen. Code §§ 289, subd. (a)(1)(B), 288a(c)(2)(B), 286, subd. (c)(2)(B), 288.5, subd. (a)), against a victim who was under the age of 14.  The offenses allegedly occurred when B.B. was 15 years old.  He was 19 years old when the petition was filed.

The People filed a motion to transfer appellant from the juvenile court to a court of criminal jurisdiction under section 707, subdivision (a)(2).  B.B. opposed the motion on the ground, among others, that section 707, subdivision (a)(2) no longer permitted the district attorney to request a transfer where the juvenile was 15 years old at the time of the alleged offenses and was "apprehended prior to the end of juvenile court jurisdiction." (*Ibid*.)  The juvenile court concluded appellant was subject to transfer because he was an adult when the petition was filed.  It further found that appellant was not amenable to rehabilitation in juvenile court and granted the motion to transfer the case to a court of criminal jurisdiction.  After appellant filed his notice of appeal, the juvenile court granted his motion to stay the transfer order.

---

[1] All further statutory references are to the Welfare & Institutions Code, unless otherwise noted.

*Discussion*

Juvenile court jurisdiction extends to "any minor who is between 12 years of age and 17 years of age" when the minor "violates any law of this state or of the United States . . . ." (§ 602, subd. (a).) The jurisdiction of the juvenile court ends, at a minimum, when the minor reaches age 21. (*In re Eddie M.* (2003) 31 Cal.4th 480, 486-487.)

Section 707 authorizes the district attorney to file a motion to transfer certain minors from the juvenile court to a court of criminal jurisdiction. (*Id.*, subd. (a)(1).) Effective January 1, 2019, Senate Bill No. 1391 (2017-2018 Reg. Sess.) amended section 707. (Stats. 2018, ch. 1012 § 1.) The statute now provides, "In any case in which an individual is alleged to be a person described in Section 602 by reason of the violation, when he or she was 14 or 15 years of age, of any offense listed in subdivision (b), but was not apprehended prior to the end of juvenile court jurisdiction, the district attorney or other appropriate prosecuting officer may make a motion to transfer the individual from juvenile court to a court of criminal jurisdiction." (§ 707, subd. (a)(2).)

Section 707 thus prohibits the transfer of 14 and 15-year-old offenders to criminal court unless the offender was apprehended after he or she reached age 21. (*People v. Superior Court (Alexander C.)* (2019) 34 Cal.App.5th 994, 998.) Our Supreme Court has affirmed the constitutionality of this statute. (*O.G. v. Superior Court* (2021) 11 Cal.5th 82, 103.)

It is undisputed here that appellant was 15 years old when he committed the alleged offenses. He was 19 years old when the juvenile petition was filed on May 24, 2021. At that point, the juvenile court had jurisdiction over appellant because he was not

3

yet 21 years old.  As respondent concedes, section 707, subdivision (a)(2) prohibited appellant's transfer to a court of criminal jurisdiction.  The court erred when it granted the motion to transfer.  (*People v. Superior Court (Alexander C.), supra,* 34 Cal.App.5th at p. 998.)

*Disposition*

The order dated February 7, 2022 granting the motion to transfer is reversed.  The matter is remanded to the juvenile court for further proceedings.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

4

Linda D. Hurst, Judge

Superior Court County of San Luis Obispo

_____

Fisher Law Office and Patrick L. Fisher, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo, Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.